BENJAMIN SMITH AND OTHERS *v.* THE TOWN OF ROCKING-
HAM.

*Assumpsit.    Town Lines.    Charge of Court.*

The line of a town cannot be settled by the acts of adjoining land owners ; and
where a certain stone wall had been recognized by adjoining proprietors for a  pe-
riod of twenty years, as the line between Rockingham and Grafton, *it was held,*
that this did not in law, bind the towns.

Where the case shows, that the recovery is according to the charge of the court
below, and that gave an incorrect rule for assessing damages, the judgment will.
be reversed, unless the case also shows, that no injury was done to the defend-
ant by the erroneous charge.

ASSUMPSIT to recover for the building of a highway.

Plea, the general issue, and trial by jury.

On trial, the plaintiffs offered in evidence, a bond executed, by
themselves and another, to the town of Rockingham, by the terms
of which, they were to build said highway at $1 50 per rod.  They
also offered a vote of said town, accepting the said bond.

The plaintiffs also gave evidence, tending to prove, that said high-
way was laid out by commissioners, duly appointed by the county
Court, for the county of Windham, upon the petition of Wm. Per-
ry and others, against the towns of Rockingham and Grafton, and
that the report of said commissioners, was duly accepted.   The pe-
tition, report, and judgment thereon, were also put into the case.
That said highway, was laid out along the western line of said
town of Rockingham, and occasionally crossing said line, into the
town of Grafton.

The plaintiffs' testimony also tended to show, that, by the side
and for nearly the whole distance of said highway, was a stone
wall, which had been standing for twenty years.   That said stone
wall was a line fence between farms in Rockingham and Grafton,
and was recognized, by the owners of said farms, and by those un-
der whom they claimed, for the said term of twenty years, as the
line between the said towns.

The defendants offered testimony, tending to prove, the north
east and south east corners of Grafton, and that, the east line of
said Grafton, taking a straight course from corner to corner, would
carry the line between said towns, at the point where said highway

was built, several rods farther east than the stone wall aforesaid, including, within said town of Rockingham, much less of said road, than would be included, by the adoption of said wall as the line between said towns.

The court charged the jury, that if said wall had been recognized for the term of twenty years, by the adjacent owners, as the line between said towns of Rockingham and Grafton, that the plaintiffs would be entitled to recover of the town of Rockingham, for that portion of said highway lying east of said wall, though they might find all the facts, which the testimony of the defendants tended to prove.

The jury returned a verdict for plaintiffs, to recover according to the instructions of the court.

Exceptions by defendants.

*Stoughton & Baxter*, and *J. E. Butler* for defendants.

1. The matter in controversy is, whether the highway was in the town of Rockingham.

We admit, that this might be shown, either by showing the *locus* within the chartered limits of Rockingham, or within the jurisdictional limits.

It was not shown within the chartered limits.

2. Was it shown within the jurisdictional ?    The defendants insist that it cannot be shown, by the acts of individuals merely.

There must be some recognition, either by the town in its corporate capacity, or by its officers in their official capacity, such as, repairing highways, supporting paupers, or perhaps in other similar ways.    *Page* v. *Weathersfield*, 13 Vt. 424.    *Corinth* v. *Newbury*, 13 Vt. 496.    *Landgrove* v. *Peru*, 16 Vt. 422.

3. The court below, should have left it to the jury, as matter of fact, for them, from all the evidence detailed in the bill of exceptions, to find whether that was the true line, or the jurisdictional line, or either, under proper instructions.

*D. Kellogg* and *O. L. Shafter* for plaintiffs.

The charge was not erroneous.

1. For a recognition, by the land owners, of the wall as the line fence between their farms, situate in Grafton and Rockingham, and, as the line between said towns, is *prima facie* evidence, that

the jurisdiction limit between the towns, coincided with the course of the wall; and Rockingham was liable to pay for all that lay east of the jurisdictional line. *Corinth* v. *Newbury*, 13 Vt. 496.

2. Regarding the issue as having been joined on the *true* line—that the evidence of the plaintiffs tended to show it to be in the wall, there can be no doubt,—and the evidence did not tend to show it to be else where; therefore, the jury were properly directed to disregard it.

3. And if the defendant's evidence *did* tend to prove the location of the line, even then, the direction was right, for if the jury should find the facts which the evidence of the plaintiffs tended to prove, the *wall* would be the true line, by a conclusive presumption of law.

4. The report of the committee, by which the road was laid, and the judgment thereon, estoped the defendants from saying, that there was less of the road in Rockingham than the report discovered. *Woodruff* v. *Taylor*, 20 Vt. 65. *Blodgett* v. *Royalton*, 14 Vt. 288. *Morse* v. *Crawford*, 17 Vt. 499.

The opinion of the court was delivered by

BENNETT, J. It appears, that the plaintiffs had given the town of Rockingham a bond, to build the road for $1 50 per rod; and of course, it became necessary to ascertain how much of the road was in the town of Rockingham, as that regulated the amount for which the plaintiffs should recover; and to determine this, it became important to fix the line, between Rockingham and Grafton.

The charge of the court, that if the stone wall had been recognized by the adjoining proprietors, for a period of twenty years, as the line of the town, the plaintiffs were entitled to recover for all that portion of the road, which lay east of the wall, cannot be sustained. The line of the town, is not to be settled in that way. If the charge had been, that the towns had recognized the wall as the line of the towns for a period of twenty years, it would have been well enough; but the acts of adjoining owners, cannot in law bind the towns, and by the charge of the court, this was made conclusive.

It has been said in argument, that at all events, this case should not be opened though, the charge is wrong; and that the survey of the road, gives the number of rods laying in Rockingham, and

that the town is estopped by the survey, and its acceptance by the County Court, from denying, that the survey was correct, as to the number of rods of the road in Rockingham. Be that as it may, the case shows, that the recovery was according to the charge of the court, and that gave an incorrect rule for assessing damages, and there is nothing in the case to show, that damages assessed by the jury, were the same as they would have been, if they had been governed by the survey, as contained in the commissioners' report to the court.

We cannot find from the whole case, that no injury was done to the defendants from the erroneous charge of the court, and the judgment must be reversed.

Judgment reversed and new trial granted.